Michael Tremonte (admitted *pro hac vice*)
Anna Estevao (admitted *pro hac vice*)
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, NY 10004
T: (212) 202-2600
F: (212) 202-4156
mtremonte@shertremonte.com
aestevao@shertremonte.com

Samuel Kauffman (OSB No. 943527)
KAUFFMAN KILBERG LLC
1050 SW 6th Avenue, Suite 1414
Portland, OR 97204
T: (503) 224-2595
F: (503) 224-3203
sam@kauffmankilberg.com

*Attorneys for Andrew N. MacRitchie*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANDREW N. MacRITCHIE,<br><br>Defendant. | No. 3:20-cr-00228-SI-3<br><br>**DEFENDANT ANDREW MacRITCHIE'S RESPONSE TO THE GOVERNMENT'S MOTION *IN LIMINE* TO LIMIT CROSS-EXAMINATION OF NICHOLAS MAVROLEON** |

Andrew N. MacRitchie, by and through counsel, writes in response to the government's motion *in limine* to exclude evidence of the civil case against, and safe passage obtained for, its witness, Nicholas Mavroleon. ECF No. 542. The government's motion seeks to preclude Mr. MacRitchie from cross-examining Mavroleon on its guarantee of safe passage to prevent Mavroleon from being served with the Receiver's $223,000 default judgment, obtained through the Treaty on Mutual Legal Assistance in Criminal Matters ("MLAT") between the United States and United Kingdom, as well as the government's (successful) request that the Receiver not attempt to enforce the default judgment while Mavroleon is in the United States to testify. *Id.* at 2 & n.1. The government's motion should be denied.

The Confrontation Clause guarantees criminal defendants the right to cross-examine government witnesses regarding their "biases and motivations to lie." *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir.2007) (en banc); *see also Davis v. Alaska*, 415 U.S. 308, 318 (1974). Any actual or anticipated benefit conferred by the government is a quintessential example of such a bias or motivation. *See, e.g.*, *United States v. Nickle*, 816 F.3d 1230, 1235 (9th Cir. 2016) (in case where government agreed it could make Rule 35 motion on behalf of witness, holding that where "language [of agreement] suggests an exchange between the witnesses and the government, Nickle had a right to ask whether any of the witnesses had a particular understanding of the terms of such an exchange"); *United States v. Schoneberg*, 396 F.3d 1036, 1042 (9th Cir. 2005) (as amended) ("Where a plea agreement allows for some benefit or detriment to flow to a witness as a result of his testimony, the defendant must be permitted to cross examine the witness sufficiently to make clear to the jury what benefit or detriment will flow, and what will trigger the benefit or detriment."). Here, the government first requested and obtained from the Receiver a promise not to enforce a $233,000 default

judgment against the witness and then obtained a safe passage letter pursuant to the MLAT *ensuring* that the judgment would not be enforced while the witness was in the United States testifying in this matter.  Mr. MacRitchie is entitled under the Confrontation Clause to cross-examine the witness on these benefits sought and obtained on his behalf by the government.

Contrary to the government's argument, cross-examination on these issues does not run afoul of the Court's order precluding "evidence of the Receiver's activities in achieving investor recovery." ECF No. 535, at 4.  The benefit to the witness can be elicited without any reference to the Receiver or that the default judgment is in any way connected to investor recovery.  Instead, Mr. MacRitchie can simply ask on cross-examination whether the government requested that *a party* holding a judgment against the witness not enforce that judgment, and that the government obtained a safe passage letter to ensure that the judgment would not be enforced.  These questions can easily be asked without any reference to the Receiver, and the government can instruct the witness not to testify regarding the basis of the default judgment.

Nor is there any merit to the government's claim that the safe passage letter offers "no meaningful benefit relative" to the witness's declining to enter the United States to testify.  ECF No. 542, at 3.  As an initial matter, the value of any government benefit goes to the weight to accord it – a question reserved to the jury.  *See United States v. Chandler*, 326 F.3d 210, 222 (3d Cir. 2003) ("In [*Delware v.*] *Van Arsdall*, . . . the Supreme Court found that the trial court's foreclosure of inquiry into a relatively modest benefit–dismissal of a pending drunk-driving charge–was sufficient to support the conclusion that the court had withheld information necessary for the jury to make a discriminating appraisal of the witness's possible biases and motivation." (internal quotation marks omitted)).  Moreover, the extent of the

relative benefit to Mavroleon of being able to travel to the United States and stay for a period of at least fifteen days, ECF No. 542-3, at 1, when he otherwise would not have been able to enter the country without fear of having a $233,000 judgment enforced against him, is not known without exploration on cross-examination. Again, whether such benefit is ultimately slight goes to the weight and not the admissibility of the evidence.

Cases on a defendant's Sixth Amendment right to cross-examine a witness on use immunity are instructive. Like the safe passage letter at issue in this case, use immunity arguably offers no relative benefit beyond what a witness would obtain from not testifying at all. But courts routinely permit defendants to cross-examine witnesses about whether the government has conferred use immunity in order to preserve the status quo and obtain their testimony. *See, e.g.*, *United States v. Marquez-Lerma*, 203 F. App'x 1, 6 (9th Cir. 2006) (no abuse of discretion where defendant was permitted to cross-examine on use immunity letters); *United States v. Wellman*, 33 F.3d 944, 948 (8th Cir. 1994) (Confrontation Clause violated where district court precluded questioning on use immunity). In fact, here, because the government was not able to compel Mavroleon's testimony, the fact that he agreed to travel to the United States and testify once the government had secured the benefit of the safe passage letter even more strongly suggests his motivation than in the use immunity cases.

The safe passage letter and the government's prior, successful efforts to obtain agreement from the Receiver not to enforce its judgment are thus plainly relevant to Mavroleon's credibility. And, contrary to the government's argument, there is little risk of confusing the jury. The existence of the $233,000 judgment, the government's efforts, and the safe passage letter can all be explained in a series of relatively brief and straightforward questions, and the probative nature of the evidence plainly outweighs any risk of undue

3

prejudice under Rule 403.

Accordingly, the government's motion to exclude questioning on these topics that go to its witness's bias and motivation should be denied.

We appreciate the Court's consideration.

DATED: April 16, 2023

                                                Respectfully submitted,

                                                /s/ Michael Tremonte
Michael Tremonte (admitted *pro hac vice*)
Anna Estevao (admitted *pro hac vice*)
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, NY 10004
T: (212) 202-2600
F: (212) 202-4156
mtremonte@shertremonte.com
aestevao@shertremonte.com

Samuel Kauffman (OSB 943527)
KAUFFMAN KILBERG LLC
1050 SW 6th Avenue, Suite 1414
Portland, OR 97204
T: (503) 224-2595
F: (503) 224-3203
sam@kauffmankilberg.com

*Attorneys for Andrew N. MacRitchie*